**ALD-264**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2412
_____

JAMES MCINTOSH,
                                   Appellant

v.

MARIA BENISH; WARDEN U.S.P. BEAUMONT; LANITA BOYKIN; BAIL
COMMISSIONER; CHARLES GALLAGHER; DET PATRICK MANGOLD;
ALLAN LEWIS; FRANCES CONWAY; JUDITH RUBINO;
JUDGE DAVID SAVITT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 11-cv-07165)
District Judge:  Honorable Paul S. Diamond
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 23, 2012
Before:  SLOVITER, FISHER and WEIS, Circuit Judges
(Opinion filed September 6, 2012)
_____

OPINION
_____

PER CURIAM.

James McIntosh appeals pro se from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to 28 U.S.C. 1915(e)(2)(B). Because the appeal is lacking in arguable merit, we will dismiss it.

McIntosh is a Federal prisoner. He filed suit against the extradition officer of the Philadelphia District Attorney's office, as well as the warden of his former prison in Beaumont, Texas, and others, alleging that irregularities in his extradition to Philadelphia in 2000, including failure to bring him to trial within 120 days, violated his rights under the Interstate Agreement on Detainers (IAD) and the Due Process Clause of the Fourteenth Amendment.[1] After granting McIntosh leave to proceed in forma pauperis the District Court dismissed his case as lacking in arguable merit pursuant to 28 U.S.C. §1915(e). The court understood Mcintosh's complaint as a request for release from prison, a form of relief that can only be sought through a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1975). As McIntosh filed a §1983 claim instead of a habeas petition, his

_____

[1] This was not McIntosh's first challenge to his conviction alleging a violation of the IAD. After he raised the claim in an unsuccessful direct appeal, he raised it again in a petition for writ of habeas corpus; We denied his request for a certificate of appealability. See McIntosh v. Schultz, CA No. 10-1348.

2

complaint lacked "an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Further, the court found that his claims were time-barred because Mcintosh's extradition and trial were in 2000 and 2001 and he did not file his complaint until 2012.

McIntosh filed a motion to amend pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, arguing that he only sought declaratory relief, not release from prison, and that the statute of limitation should be equitably tolled. The District Court, citing Heck v. Humphrey, denied the motion.  512 U.S. 477, 486-87 (1994).  The court stated that, even if McIntosh were not seeing release, if his claim were successful it  would, per Heck, "necessarily imply the invalidity of [the] conviction" and is thus not cognizable under §1983. Id.  This timely appeal of both orders followed.

We have appellate jurisdiction under 28 U.S.C. §1291.  Because McIntosh is proceeding in forma pauperis, we must dismiss the appeal under 28 U.S.C. §1915(e)(2) if it has no arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319 (1989).

We agree with the District Court's that McIntosh's complaint is barred by Heck.  Claims under §1983 which, if successful, would necessarily imply the invalidity of a state-court conviction are barred unless "the conviction or sentence

3

has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87 (1994).

McIntosh's claim is essentially a challenge to the validity of his conviction. If McIntosh's claim that he was not brought to trial within the statutory period were successful, the IAD would "require that the indictment be dismissed without prejudice." New York v. Hill, 528 U.S. 110, 112 (2000). Because this claim cannot be successful without implying the invalidity of his conviction, it is not cognizable under §1983.

In sum, because this appeal is lacking in arguable legal merit, we will dismiss it according to 28 U.S.C. §1915(e)(2).